IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

HECK VAN TRAN,

Petitioner,

No. 2:00-CV-02451-SHM

RICKY BELL, Warden,

Respondent.

## PETITIONER'S RESPONSE TO
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Petitioner, Heck Van Tran, through undersigned counsel, and submits the following Response to Respondent's Motion For Summary Judgment and Memorandum in support thereof. The Court should deny Respondent's Motion because:

1. Respondent fails to cite to specific facts in the state court record in support of his contentions, but rather, simply quotes from state court opinions whose determination of both the facts and the applicable law in this case are deeply flawed and objectively unreasonable pursuant to 28 U.S.C. § 2254(d)(1) and (2).

2. Respondent overlooks applicable Sixth Circuit precedent as well as federal law clearly established by decisions of the United States Supreme Court which are contrary to Respondent's legal contentions.

3. The following claims are *not* barred by procedural default:

    a. The claim that the trial court denied Petitioner's right to procedural due

1

process under the Fourteenth Amendment by failing to *sua sponte* order a competency hearing *(see Document 47 First Amended Petition for Writ of Habeas Corpus, page 6, Claim 1)*, is not subject to waiver and has not been procedurally defaulted.  See Medina v. California, 505 U.S. 437, 451 (1992)(citing Pate v. Robinson, 383 U.S. 375, 384 (1966)("where we held that a defendant whose competence is in doubt cannot be deemed to have waived his right to a competency hearing...because it is contradictory to argue that a defendant may be incompetent and yet knowingly or intelligently waive his right to have the court determine his capacity to stand trial" (internal quotations omitted)).  The state courts chose not to address Petitioner's claim when it was raised in the state post-conviction proceedings.  Therefore, it has not been decided on the merits and the strictures of 28 U.S.C. § 2254(d) do not apply.  The claim is entitled to *de novo* review by this Court.  As Petitioner demonstrates in his Memorandum in Support of Summary Judgment (hereafter "Memorandum"), *see Document 65-2, pp. 60-67*, he is entitled to relief on this claim.

b. The Eighth Amendment vagueness challenge to the heinous, atrocious, or cruel aggravating circumstance *(see Document 47 First Amended Petition for Writ of Habeas Corpus, page 10, Claim 4)*, is not procedurally barred because decisions of the Sixth Circuit Court of Appeals have held that pursuant to its statutorily-mandated review, the Tennessee Supreme Court

necessarily considered constitutional deficiencies in the aggravating circumstances found by the jury when it reviewed the case on direct appeal, and therefore, the issue was fairly presented. Coe v. Bell, 161 F.3d 320, 336 (6th Cir. 1998); Cone v. Bell, 359 F.3d 785, 793-794 (6th Cir. 2004)(overturned on other grounds)("The language of Tennessee's mandatory review statute provides a basis to distinguish between vagueness challenges and other constitutional claims, since it requires the Tennessee Supreme Court to look specifically for sentences 'imposed in any arbitrary fashion.' The 'evil' of vague sentencing instructions is, precisely, that they invite arbitrary decision-making."); Payne v. Bell, 418 F.3d 644, 657-658 (6th Cir. 2005)(same). Furthermore, as Petitioner argues in his Memorandum, *see Document 65-2, pp. 94-97,* the issue was raised in a Petition for Rehearing on direct appeal of the state court decision affirming the finding of this aggravating circumstance; the state court decision on direct appeal implicitly addressed the issue which was raised *sua sponte* by the dissenting justices; the issues of sufficiency of the evidence and vagueness are intertwined, and lastly, as a safeguard, Petitioner raised a separate ineffective assistance of counsel claim in his state post-conviction proceeding for any alleged failure to properly preserve the issue on direct appeal. Moreover, as Petitioner argues in his Memorandum, *see Document 65-2, pp. 97-103,* the state court decision on direct appeal is contrary to U.S. Supreme Court precedent from Godfrey v.

3

    Georgia, 446 U.S. 420 (1980) to Bell v. Cone, 543 U.S. 447 (2005), and he is entitled to judgment on this claim.

4. With regard to Petitioner's claims that he is mentally retarded, that he was incompetent for trial, that his *Miranda* waiver was invalid, and that his attorneys rendered ineffective assistance in the penalty phase *(see Document 47 First Amended Petition for Writ of Habeas Corpus, pages 6-12, Claims 1, 2, 3, 4 and 7)*, Respondent's bald assertions that the state court decisions regarding those claims involve neither unreasonable applications of clearly established federal law nor unreasonable determinations of fact given the state court record are untenable and are refuted by the facts Petitioner has cited in his Memorandum and Serial Listing of Material Facts, *Documents 65-2 and 65-3*. Respondent has failed to cite *any* facts to establish that the state court opinions pass muster under 28 U.S.C. § 2254(d)(1) and (2). He merely quotes from those opinions—a boot-strap approach that does not withstand scrutiny.

  a. *Mental retardation.* As set out in Petitioner's Memorandum, *Document 65-2, pages 2-33*, Petitioner is mentally retarded and his death sentence violates the Eighth Amendment. Contrary to Respondent's bland assertion that the state court decision is reasonable, the state courts explicitly rested their judgment on a mistaken factual finding that Petitioner's schizophrenia went undiagnosed and untreated for eight years. That finding is shown to be erroneous by clear and convincing evidence *in the state court record*. Furthermore, the opinion by the Tennessee Court of

Criminal Appeals involves an objectively unreasonable application of *Atkins v. Virginia*, 536 U.S. 304 (2002), in that the state appellate court dispenses with the diagnostic criteria for mental retardation altogether, and bases its decision on its own subjective (and erroneous) characterization of Petitioner's behavior during the criminal offense. *See Document 65-2, pages 28-33.*

b.  *Incompetency.* As set out in Petitioner's Memorandum, *Document 65-2, pages 33-67,* a preponderance of the evidence shows that Petitioner was incompetent, as well as that trial counsel were ineffective for failing to conduct a proper investigation and for failing to raise the issue of Petitioner's competency. The state courts' handling of this issue involved an objectively unreasonable application of the duty to investigate set out in *Strickland v. Washington,* 466 U.S. 668, 690-691 (1984), and *Wiggins v. Smith,* 539 U.S. 510, 528 (2003), as well as an objectively unreasonable application of well-established federal law regarding the determination of competency. The state court fact finding also was unreasonable and involved misstatements of the record and the mistaken exclusion of competent and relevant testimony. *See Document 65-2, pages 56-60, 66-67.*

c.  *Miranda waiver.* As set out in Petitioner's Memorandum, *Document 65-2, pages 67-89,* Petitioner's waiver of his right to an attorney and his right to remain silent was not knowing and intelligent, and trial counsel were

5

    ineffective for failing to have his intelligence and language comprehension evaluated prior to the suppression hearing. The state court decision involved an objectively unreasonable application of *Strickland* and *Wiggins*, and the mistaken exclusion of competent and relevant testimony. *See Document 65-2, pages 87-88.*

  d. *Ineffective assistance of counsel.* As set out in Petitioner's Memorandum, *Document 65-2, pages 105-133,* Petitioner did not receive the effective assistance of counsel in the penalty phase. His attorneys failed to conduct a competent investigation of his background or mental and physical condition, and failed to object to prosecutorial misconduct. The state court judgment involves an objectively unreasonable application of *Strickland* and *Wiggins*, fails to consider competent and relevant testimony in the state court record, and involves an unreasonable determination of the facts in that record. *See Document 65-2, pages 130-133.*

5. Petitioner is entitled to judgment on all of the foregoing claims.

For the reasons stated, Respondent's Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Robert L. Hutton
Robert L. Hutton (#15496)
Leigh Taylor White (#25018)
GLANKLER BROWN
1700 One Commerce Square
Memphis, Tennessee 38103
(901) 525-1322

/s/ Brock Mehler
Brock Mehler (# 14688)
No. 211 Cummins Station
209 10th Avenue South
Nashville, Tennessee 37203
(615) 259-2254

**Certificate of Service**

I hereby certify that on this the 12th day of November, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and by facsimile. Parties may access this filing through the Court's electronic filing system.

/s/ Robert L. Hutton